**Ballard Spahr**

1909 K Street, NW
12th Floor
Washington, DC 20006
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Seth D. Berlin
Tel: 202.508.1122
berlins@ballardspahr.com

Jacquelyn N. Schell
Tel: 646-346-8048
schellj@ballardspahr.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/20

DEC 23 2019
CHAMBERS OF
JUDGE MARRERO

December 20, 2019

David M. Schwartz, Esq. (dschwartz@gerstmanschwartz.com)
Randy E. Kleinman, Esq. (rkleinman@gerstmanschwartz.com)

Re:   *Loudon v. The Daily Beast Company, LLC, et al.*, No. 19-cv-9414 (S.D.N.Y.)

Dear David and Randy:

We write on behalf of The Daily Beast Company LLC ("The Daily Beast") and IAC/InterActiveCorp ("IAC") (collectively, "Defendants"),[1] pursuant to Judge Marrero's Individual Practice Rule II.B.1, to explain why your client's Complaint fails to state a claim.

**I.   Loudon's Claims for Defamation (Counts I and II) Fail to State a Claim.**

Under both the common law and the First Amendment, Loudon must plead, among other things, (a) statements of fact, (b) that she contends are false, and (c) that she alleges Defendants published with subjective awareness of their falsity. As an initial matter, the challenged Article accurately reports that Loudon "obtained a Ph.D. in a field called 'human and organization systems'" and that she is not licensed as a psychologist. Compl. ¶¶ 15, 18, 22 & Ex. B (confirming that she has "a PhD in Human and Organization Systems" and nowhere contending that she has a license). Because the Article's statements on these central facts are true, they are non-actionable. *See Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986) (imposing "constitutional requirement that the plaintiff bear the burden of showing falsity").

Loudon's real gripe seems to be that, despite its text, the Article somehow "accus[es] her ... of not having [any] psychology degree," Compl. ¶ 1; *id.* at ¶ 22 (pointing to her "bachelor's degree" in psychology), and falsely suggests that she "is not a Doctor," *id.* ¶ 21. But the Article makes clear – including in its headline, its text, and its focus on whether she is qualified to make clinical judgments about President Trump in her book – that it is addressing her doctoral degree and licensure. *See, e.g., Turner v. Wells*, 879 F.3d 1254, 1262-70 (11th Cir. 2018) (confirming that meaning conveyed by article is in first instance a question of law for the court, affirming order granting motion to dismiss after "considering the Report's actual text," and rejecting plaintiff's efforts to "cherry pick statements . . . out of context") (applying Florida law).[2]

Loudon likewise complains about the Article's judgments about her educational credentials, contending that her "Master's Degree in Organization Development [is] analogous to

---

[1] Defendant Tanya Basu, The Daily Beast's former science editor, has not been served.

[2] A New York federal court applies (a) New York's choice of law rules, which in a claim for defamation and related torts means the law of plaintiff's home state (Florida), *see, e.g., Reeves v. ABC*, 719 F.2d 602 (2d Cir. 1983), and (b) federal precedent for federal constitutional issues.

December 20, 2019
Page 2

Industrial Psychology," that her "PhD in Human and Organization Systems [is] a subset of psychology," and that her transcripts (which were obviously unavailable to The Daily Beast) show that her "entire education is grounded in the field of psychology." Compl. ¶ 22 & n.6; *see also id.* ¶ 20 (relying on etiquette guide's advice that person with Ph.D. may be called "Doctor"). But whether her credentials are sufficiently "psychological" or whether she is qualified to make clinical psychological judgments are protected expressions of opinion, not statements of fact that can be actionable in defamation. *See Turner*, 879 F.3d at 1262 ("Whether the statement is one of fact or opinion" is a "question of law for the court"; protecting "opinion based on facts which are set forth in the publication or which are . . . available to the reader"); *Doe v. White Plains Hosp. Med. Ctr.*, 2011 U.S. Dist. LEXIS 76076, at *3, *8 (S.D.N.Y. July 8, 2011) (statement that plaintiff "lack[ed] nursing knowledge and clinical judgment" was protected opinion).[3]

Finally, even assuming that Loudon's claims were based on false statements of fact (which they are not), as a public figure, she must plead – and ultimately prove by clear and convincing evidence – that the defendant published the challenged statements "with 'actual malice' – that is, with knowledge that the statements were false or with reckless disregard as to their falsity." *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)). Here, each of Loudon's allegations, even if proven, would not establish actual malice as a matter of law. *First*, although she claims that defendants failed to engage in "rudimentary journalistic research," Compl. ¶ 23; *id.* ¶¶ 20, 26, 31, a "failure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard," *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989). *Second*, although Loudon repeatedly asserts that defendants published the Article based on their purported ill will towards her and President Trump, *e.g.*, Compl. ¶¶ 1, 4, 16, 18-19, 25-26, 41, 50, it is well settled as a matter of constitutional law that ill motive alone "cannot provide a sufficient basis for finding actual malice." *Harte-Hanks*, 491 U.S. at 665. *Third*, Loudon does not dispute that Ms. Basu repeatedly attempted to contact her prior to publication, negating her claim of actual malice. *See Contemporary Mission, Inc. v. N.Y. Times Co.*, 665 F. Supp. 248, 270 (S.D.N.Y. 1987), *aff'd*, 842 F.2d 612 (2d Cir. 1988). *Finally*, Loudon does not dispute that her own publisher acknowledged that the statements about her Ph.D. were false and agreed to correct them in future editions of her book, underscoring the publisher's belief that the Article's statements were true.[4]

---

[3] Statements about whether the university conferring her Ph.D. is an "online school" or "a brick and mortar graduate university," Compl. ¶¶ 18-20 & nn.3-4, are not about Loudon and would not subject either the school or her to the "hatred, distrust, ridicule, contempt or disgrace" required to state a claim. *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 716 (11th Cir. 1985).

[4] In addition, Loudon's claim is untimely. Under New York's choice of law rules, *see* note 2 *supra*, "[w]hen a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued." *2138747 Ontario, Inc. v. Samsung C&T Corp.*, 31 N.Y.3d 372, 377 (2018). The Article was published more than a year before Loudon sued, and her claims are thus time-barred under New York's one-year statute of limitations. CPLR 215(3). Because Loudon incorrectly asserts that the Article was published within the limitations period, Compl. ¶ 15, defendants will, if necessary, request the Court to authorize an early motion for summary judgment on this discrete issue, while otherwise staying the case.

December 20, 2019
Page 3

## II. Loudon's "Tag-Along" Claims (Counts III-V) Also Fail to State a Claim.

Loudon's claims for intentional infliction of emotional distress and tortious interference with prospective and existing business relationships also fail as a matter of law for multiple, independent reasons. *First*, she cannot evade First Amendment protections for speech, detailed above, by dressing up her defamation claims as other torts. *See Hustler Magazine v. Falwell*, 485 U.S. 46, 51-57 (1988) (so holding on claim for intentional infliction of emotional distress). *Second*, even under state law, Florida's "single action rule" bars each of Loudon's "tag-along" claims because they are based on the same article underlying her defamation claim. *See Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014). *Third*, even if not barred, Loudon's IIED claim would fail because questioning the credentials of a surrogate for a U.S. president is far from the kind of extreme and outrageous conduct necessary to establish this tort. *See Cape Publ'ns, Inc. v. Bridges*, 423 So. 2d 426, 427 (Fla. 5th DCA 1982) (publishing article about abducted plaintiff's rescue while clad only in dish towel did not rise to level of outrageousness required). *Finally*, even if not barred, Loudon's intentional interference claims fail because she does not identify any existing contract or business relationship that was actually harmed, as required. The only relationship she identifies is with Amazon. Compl. ¶ 61. But the Amazon relationship is with her *publisher* and is concededly ongoing. Loudon alleges only that Amazon sold fewer books because readers thought less of her – further confirming that her true claim is for injury to reputation and is addressed, to the extent viable, by her defamation claim.

## III. IAC Should Be Dismissed Because It Did Not Publish Anything.

Each of Loudon's claims stems from the publication of the Article, which Loudon correctly alleges was published by The Daily Beast. Compl. ¶ 10. As a matter of law, the act of publication cannot be imputed to an indirect corporate owner like IAC, and thus it should be dismissed. *See, e.g.*, *Franklin v. Daily Holdings, Inc.*, 135 A.D.3d 87, 95-96 (1st Dep't 2015).

## IV. Defendants Are Entitled to An Award of Their Attorneys' Fees and Costs.

Florida's "Anti-SLAPP" statute authorizes defendants to seek dismissal of claims that are "without merit" and brought because the defendant "exercised the constitutional right of free speech in connection with a public issue," which is defined to include a "news report" or "other similar work." Fla. Stat. § 768.295. Upon a successful motion, an award of attorneys' fees and costs is mandatory. *Id.*; *Parekh v. CBS Corp.*, 2019 U.S. Dist. LEXIS 109212, at *3-4 (M.D. Fla. July 1, 2019). In addition, under Fla. Stat. § 57.105, a substantive provision of Florida law that applies in federal court, *see Capital Factors, Inc. v. Heller Fin., Inc.*, 712 F. Supp. 908, 914 n.7 (S.D. Fla. 1989), attorneys' fees and costs are recoverable for defending claims that both Loudon and you as her counsel should know are not supported by either facts or law. To avoid owing fees and costs, Loudon should promptly dismiss her Complaint with prejudice.

Very truly yours,
/s/
Seth D. Berlin
Jacquelyn N. Schell

cc: The Honorable Victor Marrero (by hand)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *defendants*.

SO ORDERED.

1-7-20
DATE          VICTOR MARRERO, U.S.D.J.